Case 2:18-cv-00071 Document 9 Filed on 04/12/18 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
April 12, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL RAY WEST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-71 |
| | § | |
| KENNETH H. PUTMAN JR., *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO DISMISS CASE

Plaintiff Michael West is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

**I.      JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  The facts giving rise to Plaintiff's claims in this civil rights action occurred in connection with Plaintiff's current assignment to the McConnell Unit in Beeville, Texas.  Plaintiff sues the following McConnell Unit officials in their individual and official capacities: (1) Kenneth H. Putnam, Jr., Assistant Warden; (2) Cecilia R. Selzler, Grievance Officer; and (3) three John Doe grievance officers.  (D.E. 1, pp. 9-10).  Plaintiff claims that Defendants violated his due process rights by depriving him of the use of the grievance process and that their actions in interfering with Plaintiff's use of the grievance process violated his First Amendment right of access to the courts.  Plaintiff seeks declaratory and monetary relief.

A *Spears*[2] hearing was conducted on March 28, 2018. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1):

Plaintiff estimates that in 2016 he attempted to file over thirty grievances in which he sought to challenge matters involving the denial of medical care, smoke caused by

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

inmates burning mattresses, improper feeding, and retaliatory conduct. Plaintiff alleges the following actions occurred when Plaintiff attempted to process his various grievances: (1) Officer Selzler returned his initial grievance by checking box 2 on the grievance form, indicating that Plaintiff cannot submit more than one grievance every seven days; (2) subsequent grievances on the same subject matter would then be returned by Officer Selzler with the same box checked; and (3) the grievance staff, including Ms. Selzler, returned the final grievance on the same subject matter by checking box 1 on the grievance form, indicating that Plaintiff's time to file a grievance had expired. (D.E. 1, pp. 10-25). Plaintiff believes that none of his grievances should have been dismissed as untimely pursuant to the applicable grievance policies in effect.

Plaintiff testified that none of his underlying claims which precipitated the filing of his grievances were ever resolved to his satisfaction. He further testified he never raised these claims through a federal civil rights action because he believed the Defendants' actions prevented him from completing the pre-filing requirement of exhausting his Step 1 and Step 2 administrative remedies. Essentially, Plaintiff believed he could not file a federal lawsuit because the Defendants were preventing him from exhausting his administrative remedies.

Throughout 2016, Plaintiff also filed three Step 1 grievances against Officer Selzler where he complained about her use of improper procedures in screening out his grievances. Assistant Warden Putnam rejected each of these Step 1 grievances after conducting an investigation into the procedures utilized by Officer Selzler. According to Plaintiff, Assistant Warden Putnam failed to provide appropriate remedies in accordance

with applicable policy.  (D.E. 1, p. 17-20, 23).   Plaintiff proceeded to file Step 2 grievances from each of Assistant Warden Putnam's Step 1 decisions.  Plaintiff's Step 2 grievances were separately denied by one of the John Doe officers.  (D.E. 1, pp. 19, 21-22, 24).  At the *Spears* hearing, Plaintiff identified the last names of two John Doe officers as Barnett and Ward.

### III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d

322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.   Eleventh amendment immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues each Defendant in his or her official capacity for monetary damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

### B.   Grievance Process

Plaintiff claims that Defendants violated his due process rights either by interfering with or depriving him of the use of the grievance process. Plaintiff's detailed allegations, however, merely point to his dissatisfaction with: (1) how his numerous grievances in

2016 were processed and rejected by Officer Selzler; and (2) the decisions issued by Assistant Warden Putnam and the John Doe Defendants in denying certain grievances targeted at Officer Selzler's actions.

Plaintiff's allegations fail to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances). Accordingly, the undersigned respectfully recommends dismissing Plaintiff's due process claims against Defendants with prejudice because Plaintiff does not have a constitutionally protected interest in the TDCJ grievance process.

C. **Access to Courts**

Plaintiff claims that Defendants' actions in interfering with Plaintiff's use of the grievance process to exhaust his administrative remedies violated his First Amendment right of access to the courts. Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to

sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).

Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Plaintiff testified at the *Spears* hearing that he attempted to file over thirty grievances during 2016 in which he complained about the denial of medical care, smoke caused by the burning of mattresses, improper feeding, and retaliatory conduct. Plaintiff

8 / 11

believes that Defendants' improper processing of his grievances prevented him from accessing the courts with these underlying claims challenging the conditions of his confinement.

Plaintiff, however, cannot state a First Amendment claim for denial of access to courts because he has alleged nothing to suggest he was actually prevented from presenting any one of his underlying claims to this court. *See Stephens v. Aderoju*, No. 9:14-CV-170, 2015 WL 6688217, at *3 (E.D. Tex. Oct. 28, 2015) (citing *Mahogany*, 252 F. App'x at 594). Contrary to Plaintiff's belief, federal courts and not prison authorities ultimately determine whether a prisoner has exhausted his available administrative remedies or whether there are any exceptions to excuse the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (recognizing that "[e]xceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action").

The actions taken by Defendants with regard to Plaintiff's grievances did not deprive him of the ability to bring his underlying constitutional claims in federal court. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). Because Plaintiff's allegations fail to state he was prejudiced as a result of Defendants' actions, the undersigned respectfully recommends dismissing Plaintiff's First Amendment claims against Defendants.

## V. CONCLUSION

Because Plaintiff has failed to state a cognizable constitutional claim in this action against any one of the named Defendants, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 12th day of April, 2018.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).